EDGAR C. DEXTER *et al. vs.* JOHN L. SPRAGUE *et al.*

PROVIDENCE—DECEMBER 31, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Intoxicating Liquors.   Remonstrances.   Public Lands.   Parks.   Certiorari.*

The city of Providence, holding the fee to Roger Williams park, is an "owner" within the meaning of Gen. Laws R. I. cap. 102, § 2, as amended by Pub. Laws R. I. cap. 543, of January, 1898, and hence entitled to object to the granting of liquor licenses in the vicinity of said park lands.

In computing the land within two hundred feet of the building or place for which a license for the manufacture or sale of intoxicating liquors is requested, under the provisions of Gen. Laws R. I. cap. 102, § 2, as amended by Pub. Laws R. I. cap. 543, of January, 1898, providing for the filing of remonstrances by the owners of the greater portion of the land so situated, park lands are rightly included.

*R. I. Society* v, *Cranston,* 21 R. I. 577, explained and distinguished.

CERTIORARI.   A license was granted by the license commissioners of the city of Providence for the location of a brewery adjoining Roger Williams park, against the objection of the petitioners.   The petitioners claimed that the part of the area within the radius of two hundred feet included in the park should not be included as a part of the area within said two hundred feet, on the ground that the land was subject to the public uses of a park, and that therefore the municipality would have no right to object against any application to manufacture or sell liquor on land adjoining its property, and, having no such right, could not acquiesce therein ; and therefore said park land should be excluded as neutral land.   Heard, and petition dismissed.

STINESS, C. J.   The petitioners allege error by the license commissioners of the city of Providence in granting a license for a brewery on Elmwood avenue, adjoining Roger Williams park, notwithstanding the objections filed with the board.

(1)   Gen. Laws, cap. 102, § 2, as amended by Pub. Laws, cap.

543, January, 1898, provide that no license shall be granted where objections are filed by the owners or occupants of the greater part of the land within two hundred feet of the place for which the license is asked.

The error claimed is that the license commissioners included in their computation land of Roger Williams park owned by the city of Providence, and that such land should have been excluded ; in which case the petitioners represent the greater part of the remaining land.   The alleged error is based upon the construction given to the law by this court, that the computation of land should not include public highways. *R. I. Society* v. *Cranston*, 21 R. I. 577.   In that case the petition was dismissed because the petitioners were not the owners of the greater part of the land exclusive of streets. Although it was not so stated in the opinion, the reason for the decision was this : A town or city is not the owner or occupant of a highway ; it simply has the statutory control of an easement therein for the benefit of the public.   The abutting owner, having in most cases been paid in full for the land taken for a street, and retaining only a nominal fee, which is practically valueless until the easement is abandoned, cannot be held to be an owner or occupant within the meaning of the statute.

The petitioners argue that since the city holds the park for public purposes, that land also should fall within the same construction.   There is, however, an evident distinction between the two cases.   The city has control of the park in a different way and to a greater extent than it has control of a highway.   Its control of the park for the purposes of this act is as complete as that of any owner of land.   As a public resort the city has a peculiar interest in the surroundings of the park, and clearly should have the right to object to the locating of liquor saloons in its vicinity.

We are, therefore, of opinion that it has the rights of an owner and occupant under this statute.   In this case the city did not file objections to the license in question, and hence the owners or occupants of the greater part of the land within two hundred feet did not object.

No error is shown by the petitioners, and the petition is dismissed.

*Franklin P. Owen and Terence M. O'Reilly;* for petitioners.

*Francis Colwell, City Solicitor, and Albert A. Baker, Assistant City Solicitor,* for respondents.